**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0001023**
**25-JUN-2013**
**08:14 AM**

NO. CAAP-11-0001023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Plaintiff-Appellee,
v.
TRAVIS KAIMANA BARROS, Defendant-Appellant
and
LISA MARIE BARROS; CORY BARROS; LINDSAY PUNA;
JOHN DOES 1-50; AND JANE DOES 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CV. NO. 11-1-0286)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

In an appeal arising from an action for summary possession and ejectment, Defendant-Appellant Travis Kaimana Barros (Barros),[1] appearing *pro se*, appeals from the Judgment for Possession in favor of Plaintiff-Appellee Federal National Mortgage Association, which was filed on November 3, 2011, in the Circuit Court of the Third Circuit (Circuit Court).[2]  We affirm.

On appeal, Barros contends that the Circuit Court lacked subject matter jurisdiction over the case because he has demonstrated the continuing existence of the Hawaiian Kingdom. Our appellate courts, however, have repeatedly held that claims

---

[1] Of the defendants, only Travis Kaimana Barros filed a notice of appeal.

[2] The Honorable Greg K. Nakamura presided.

of this nature are without merit. In <u>State v. Kaulia</u>, 128 Hawai'i 479, 291 P.3d 377 (2013), the Hawai'i Supreme Court reaffirmed this view where it stated:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now, a lawful government." <u>State v. Fergerstrom</u>, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), <u>aff'd</u>, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. <u>See id.</u> at 55, 101 P.3d at 664; <u>State v. Lorenzo</u>, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); <u>State v. French</u>, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); <u>Nishitani v. Baker</u>, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); <u>State v. Lee</u>, 90 Hawai'i 130, 976 P.2d 444 (1999).
>
> Thus we also reject Kaulia's argument that the circuit court erred in precluding Kaulia from calling a witness to present evidence concerning the existence of the Kingdom in support of his Motion to Dismiss.

<u>Kaulia</u>, 128 Hawai'i at 487, 291 P.3d at 385 (brackets and ellipsis points in original).

Accordingly, the November 3, 2011, Judgment for Possession is affirmed.

DATED: Honolulu, Hawai'i, June 25, 2013.

On the briefs:

Travis Kaimana Barros
Defendant-Appellant Pro Se

Charles R. Prather
Sofia m. Hirosane
Blue Kaanehe
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

2